IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earl Wayne Myers, II, ) | C/A No. 0:14-2424-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Earl Wayne Myers, II, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and that the case should be remanded to the Commissioner for further administrative action.

### SOCIAL SECURITY DISABILITY GENERALLY

    Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform his past relevant work; and

(5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



**ADMINISTRATIVE PROCEEDINGS**

In January 2011, Myers applied for DIB, alleging disability beginning September 30, 2005. Myers's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on August 2, 2011, at which Myers, who was represented by Patrick D. Partin, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on October 23, 2012 finding that Myers was not disabled. (Tr. 25-36.)

Myers was born in 1971 and was thirty-eight years old on his date last insured. (Tr. 149.) He has a high school education, received a certification for fire fighting, and has past relevant work experience as a fire fighter and a computer operator. (Tr. 182.) Myers alleged disability due to back injury, osteopenia, instability in his left and right ankles, major depressive disorder, hypertension, high cholesterol, lower leg conditions of instability, "polynearpathy", major anxiety, mood disorder, "arthisticis", a severe right and left ankle condition, and major depression. (Tr. 181.)

In applying the five-step sequential process, the ALJ found that Myers had not engaged in substantial gainful activity from his alleged onset date of September 30, 2005 through his date last insured of December 31, 2009. The ALJ also determined that, through the date last insured, Myers's degenerative disc disease of the cervical spine, degenerative joint disease of the left ankle, bilateral ankle pain, polyneuropathy, depression, and anxiety were severe impairments. However, the ALJ found that, through the date last insured, Myers did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that, through the date last insured, Myers retained the residual functional capacity to



perform a range of sedentary work as defined in 20 CFR 404.1567(a) in that he could lift and carry up to twenty pounds occasionally and ten pounds frequently; and stand and walk for about two hours in a workday. He could operate foot pedals or other foot controls no more than occasionally. He could occasionally balance, stoop, kneel, crouch, crawl, and climb stairs or ramps but never climb ladders, ropes, or scaffolds. He had to avoid concentrated exposure to unprotected heights and dangerous machinery. He was further restricted to unskilled work with simple, routine tasks, requiring no more than occasional interaction with the public.

(Tr. 29-30.) The ALJ found that, through the date last insured, Myers was unable to perform any past relevant work, but that considering Myers's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Myers could perform. Therefore, the ALJ found that Myers was not disabled from the alleged onset date of September 30, 2005 through the date last insured ("DLI") of December 31, 2009.

The Appeals Council denied Myers's request for review on April 25, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d



at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Myers raises the following issues for this judicial review:

I.  Is the Commissioner's decision that Plaintiff is not disabled supported by substantial evidence and correct under controlling law?

   A.  The ALJ erred in failing to properly evaluate Plaintiff's subjective symptoms.

   B.  The ALJ erred in ignoring the opinions of an examining psychologist on the issue of Plaintiff's ability to work in medical evidence before and shortly after the DLI.

   C.  The ALJ failed to give proper weight to the VA Disability Rating of "Unemployability" as of November 19, 2009.

   D.  The ALJ erred in finding that Plaintiff's PTSD prior to his DLI was not a "severe" impairment.

(Pl.'s Br., ECF No. 12.)

## DISCUSSION

Upon review of Myers's allegations of error, the court finds that the cumulative effect of some of these allegations requires remand. Myers relies on the decision in Bird v. Commissioner of Social Security, 699 F.3d 337 (4th Cir. 2012),[2] in support of two of his arguments. Pertinent here, in Bird, the United States Court of Appeals for the Fourth Circuit addressed for the first time the

---

[2] The court notes that the ALJ did not have the benefit of the decision in Bird, as it was issued on November 9, 2012, approximately two weeks after the ALJ's decision on October 23, 2012.



weight that the Social Security Administration ("SSA") must afford to a Department of Veterans Affairs ("VA") disability rating. Specifically, the Bird Court held that

> in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Bird, 699 F.3d at 343. In this case, the VA issued an eighty percent disability rating effective November 19, 2009, which was approximately six weeks before Myers's date last insured, based at least in part on the same conditions for which Myers seeks disability benefits in this matter. (Tr. 158-59, 230-37.) The ALJ acknowledged this rating; however, in evaluating this evidence, the ALJ stated as follows:

> Those findings have been considered, along with all other evidence of record in this case. The laws defining "disability" for veteran's programs are based on a percentage schedule for rating disabilities. That definition is not consistent with the definition of "disability" in the Social Security Act, and the determinations of the Department of Veterans Affairs are not binding on me in applying the law governing this claim.

(Tr. 34) (citing 20 C.F.R. § 404.1504). However, after the ALJ's decision, the Bird Court observed the following similarities between the two programs, stating that

> both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. . . .
> . . . . The VA rating decision reached in Bird's case resulted from an evaluation of the same condition and the same underlying evidence that was relevant to the decision facing the SSA. Like the VA, the SSA was required to undertake a comprehensive evaluation of Bird's medical condition. Because the purpose and evaluation methodology of both programs are closely related, a disability rating by



>one of the two agencies is highly relevant to the disability determination of the other agency.

Bird, 699 F.3d at 343 (internal citations and quotation marks omitted).  Thus, as in Bird, the ALJ failed to give appropriate weight to the VA rating decision.  See id. at 341 n.1 (noting that "[b]ecause we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, as assessment of the weight of the evidence must be left to the ALJ on remand in the first instance").

The Bird Court also reiterated that "[m]edical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." Bird, 699 F.3d at 340.  Further, "retrospective consideration of evidence is appropriate when the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms." Id. at 341 (internal quotation marks and citation omitted).  Moreover, "retrospective consideration of medical evidence is especially appropriate when corroborated by lay evidence." Id. at 342.  Thus, the Commissioner "must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be reflective of a possible earlier and progressive degeneration." Id. at 345 (internal quotation marks and citation omitted).

In this case, the record contains two mental health evaluations from the same examiner, Dr. Phoebe McLeod, dated August 15, 2006 and May 20, 2010.  (Tr. 249-52, 338-41.)  Dr. McLeod indicated in the August 15, 2006 evaluation that Myers was "exhibiting moderate to considerable symptoms associated with his depression and then his PTSD." (Tr. 251.)  Dr. McLeod also opined that



> [i]n terms of social adaptability and interactions with others, this appears to be moderately impaired. In terms of his ability to maintain employment and perform job duties in a reliable, flexible, and efficient manner this appears to be moderately considerably impaired. Overall, I would estimate his level of disability to be in the moderate to considerable range and the veteran appears capable of handling his own funds. First, it appears that the veteran[] does have depression secondary to his ankle pain. Second, it appears that his depression is as least likely as not related to his service connected ankle pain. Also, some of his depression is likely related to his posttraumatic stress disorder which is also a result of his traumas in the military.

(Tr. 251-52.)

Dr. McLeod indicated in the May 20, 2010 evaluation that Myers was "exhibiting considerable symptoms associated with both major depressive disorder which appears to be related primarily to his medical problems associated with his ankles, but also he has posttraumatic stress disorder and he reported traumas to Dr. Taylor and some trauma-related symptoms back in 2007, but it appears that currently the symptoms have developed into full PTSD." (Tr. 340.) Dr. McLeod also opined that

> [i]n terms of social adaptability and interactions with others, this appears to be considerably impaired. In terms of his ability to maintain employment and perform job duties in a reliable, flexible and efficient manner this appears to be considerably impaired. Overall, I would estimate his level of disability to be in the considerable range, and the veteran appears capable of handling his own funds.

(Tr. 340-41.)

In evaluating the 2006 opinion, the ALJ indicated that Dr. McLeod concluded that Myers "demonstrated an overall moderate impairment" (Tr. 33), which Myers argues distorts Dr. McLeod's actual statement that Myers was moderately considerably impaired. With regard to the 2010 opinion, the ALJ only observed that it was after Myers's date last insured, contained diagnoses of major depressive disorder and posttraumatic stress disorder, and indicated a GAF score of 52. (Id.) The ALJ does not specify what, if any, weight is afforded to either of these opinions. The Commissioner



argues that the ALJ accounted for Dr. McLeod's first opinion by limiting Myers to unskilled work with limitations in task complexity and in social interaction.

The Commissioner further argues that the second opinion was not relevant to Myers's claim as it was dated five months after his date last insured. Contrary to the Commissioner's arguments, the court finds that on remand further consideration of these opinions is warranted, especially with regard to the second opinion because like Bird, the evidence in the record appears to provide sufficient linkage reflective of a possible earlier and progressive degeneration requiring retrospective consideration of the second opinion, which found Myers was considerably impaired.

Finally, further consideration of the VA disability rating and Dr. McLeod's opinions may impact the entirety of the ALJ's decision, including the ALJ's analysis at Step Two of the sequential evaluation and the ALJ's analysis of Myers's credibility. Thus, these issues may be presented on remand if necessary. However, the court notes that, as argued by Myers, when the ALJ evaluated Myers's credibility, the ALJ does not appear to have considered evidence suggesting that Myers was taking morphine and other narcotics prior to his date last insured for pain associated with his ankle, or the possible related side effects from these medications. (See, e.g., Tr. 342-44.)

**ORDER**

Based on the foregoing, it is hereby

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 3, 2015
Columbia, South Carolina